IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| E.G. by his parent and Next Friend ASHLEY GERALD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 6:24-cv-03322-MDH |
| SPRINGFIELD R-XII SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction Count II and Count III of Plaintiffs' Amended Complaint. (Doc. 13). The Defendant filed Suggestions in Support, the Plaintiffs filed Suggestions in Opposition (Doc. 14) and the Defendant has filed a reply. (Doc. 20). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Dismiss Counts II and III for Lack of Jurisdiction is **DENIED**.

## BACKGROUND

This cases arises out of Plaintiffs appeal from the Missouri Hearing Commission decision relating to Plaintiffs' due process claim pursuant to the Indivdiuals with Disabilities Education Act ("IDEA"). Plaintiff E.G. is an eleven-year-old student enrolled for public schooling in the Springfield R-XII School District. Plaintiff Ashley Gerald is a resident of Springfield, Missouri and a custodial parent to E.G. Defendant Springfield R-XII School District provides E.G. general and special education and is a public school district located in Springfield, Missouri.

On April 22, 2024, Plaintiff Gerald filed and processed a due process claim with the Administrative Hearing Commission claiming Defendant had finalized the Individualized

1

Education Program ("IEP") which did not accurately reflect the IEP meeting or accurately reflect E.G's abilities. On October 7, 2024, the Missouri Hearing Commission issued a decision denying relief to Plaintiffs. On November 11, 2024, Plaintiffs filed this case challenging the Missorui Hearing Commission's decision and alleging Defendant failed to provide free appropriate public education ("FAPE") under the IDEA.

On May 2, 2025 Plaintiffs filed an Amended Complaint alleging three Counts against Defendant: Count I – Failure to Provide Free Appropriate Public Education under the IDEA, 20 U.S.C. § 1400 et seq.; Count II – Disability Discrimination under Section 504, Rehabilitation Act, 29 U.S.C. § 794 et seq.; and Count III – Disability Discrimination under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.

Defendant brings its current motion arguing that Plaintiffs' Amended Complaint attempts to bring a new cause of action under Title V of the Rehabilitation Act as proposed in Count II and a new cause of action under the ADA as proposed in Count III. Defendant argues these claims and factual allegations were not addressed in the due process hearing and should be dismissed as Plaintiffs have not exhausted any administrative remedies related to their alleged claims under Counts II or III nor previously litigated these claims for purposes of appeal. The Court will evaluate Defendant's argument.

**STANDARD OF REVIEW**

"In order to properly dismiss [a case] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court "restricts itself to the face of the pleadings" and "the non-moving party receives the same

protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* In a factual attack, "the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* Dismissal is appropriate in such cases where, upon weighing the evidence, the court is not satisfied that the plaintiff has, in fact, proved jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**ANALYSIS**

**I.**      **Exhaustion Requirements**

Defendant argues that Plaintiffs have not exhausted any administrative remedies related to their alleged claims under the Rehabilitation Act or ADA and have not previously litigated these claims. Defendant argues that Plaintiffs must exhaust their administrative remedies before they may bring their claims to this Court. Plaintiffs argue that the administrative exhaustion requirement of IDEA applies only to suits that seek relief also available under IDEA. Plaintiffs argue that because they are seeking a remedy that is not available under IDEA, compensatory damages, the administrative exhaustion requirement does not apply. Further, Plaintiffs argue that even if exhaustion is required, the futility exception applies as the Missouri Administrative Hearing Commission lacks jurisdiction to decide claims under the Rehabilitation Act and the ADA.

In the IDEA, Congress established procedural safeguards to ensure individuals with disabilities will have the opportunity to obtain a FAPE. 20 U.S.C. § 1415(a). The primary tool for implementing the aims of the IDEA is the IEP, which "tailor[s] the statutorily required 'free

3

appropriate public education' to each child's unique needs." *Honig v. Doe*, 484 U.S. 305, 311, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (quoting 20 U.S.C. § 1414(a)(5)). The other safeguards "include … an opportunity to present complaints concerning any aspect of the local agency's provision of free appropriate public education; and an opportunity for 'an impartial due process hearing' with respect to any such complaints." *Id.* at 311–12, 108 S.Ct. 592 (quoting 20 U.S.C. § 1415(b)(1), (2)). A party aggrieved by the outcome of an IDEA due process hearing may challenge the outcome before the state educational review agency. 20 U.S.C. § 1415(g)(1). The outcome of the administrative review hearing may then be disputed in district court. 20 U.S.C. § 1415(i)(2)(A). However, before parties may bring a claim in district court under a different statute for which they seek relief which is also available under the IDEA, the parties must first exhaust the administrative remedies under the IDEA. 20 U.S.C. § 1415(l). Section 1415(l) of the IDEA sets forth:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.*

20 U.S.C. § 1415(l) (emphasis added).

Here, the Plaintiffs did not go through the IDEA due process complaint procedures before filing their ADA and Rehabilitation Act claims in the district court. Accordingly, the only questions are whether they seek relief available under the IDEA and, if so, whether an exception to the IDEA's exhaustion requirement applies.

Plaintiffs' Amended Complaint states:

Plaintiff respectfully requests the following relief from the Court: The Court find that Defendant failed to provide E.G. with a free appropriate public education; the

4

> Court find that Defendant committed numerous procedural and substantive violations of the IDEA; The court order reimbursement to Plaintiffs for educational costs and expenses; For general, specific, economic, emotional distress, pain and suffering and compensatory damages; For attorneys' fees and costs; For pre and post-judgment interest; Declaratory and injunctive relief; and For al such further relief as the Court deems just and proper.

(Complaint, Prayer for Relief ¶¶ 1-10). Plaintiffs' Count I states "[a]s the legal and factual result of Defendant's various failures, Plaintiffs are damaged and pray for economic, equitable, and compensatory damages, equitable findings, and attorneys' fees and costs." (Complaint ¶ 61). Plaintiffs' Count II states "Plaintiff is entitled to compensatory and emotional distress damages, equitable relief, costs, and attorney's fees." (Complaint ¶ 75). Plaintiffs' Amended Complaint does not state with particularity what remedies they are seeking as to Count III. Historically, exhaustion has been the general rule in the Eighth Circuit when a plaintiff complains of the denial of a FAPE, regardless of the remedy he requests. *See F.B. by & through Bono v. Francis Howell Sch. Dist.*, No. 23-1073, 2023 WL 7899323, at *1 (8th Cir. Nov. 16, 2023); *see also J.M v. Francis Howell Sch. Dist.*, 850 F.3d 944, 947 (8th Cir. 2017). However, the Supreme Court in *Luna Perez v. Sturgis Public School*, held that § 1415(l) does not apply to suits, even those premised on the denial of a FAPE, that seek a remedy unavailable under the IDEA. 598 U.S. 142, 150 (2023). Specifically, the Supreme Court stated:

> The statute's administrative exhaustion requirement applies only to suits that "see[k] relief … also available under" IDEA. And that condition simply is not met in situations like ours, where a plaintiff brings a suit under another federal law for compensatory damages–a form of relief everyone agrees IDEA does not provide.

*Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 147–48, 143 S.Ct. 859, 864, 215 L.Ed.2d 95 (2023).

The Supreme Court further explained:

> Either interpretation of § 1415(l) operates to preclude some unexhausted claims. Under our view, for example, a plaintiff who files an ADA action seeking both damages and the sort of equitable relief IDEA provides may find his request for equitable relief barred or deferred if he has yet to exhaust § 1415(f) and (g).

*Id* at 150. The Court finds that Plaintiffs may proceed with Counts II and III of their Amended Complaint.

## II. Futility

The Plaintiffs next contend that exhaustion would have been futile, arguing that the Missouri Administrative Hearing Commission lacks jurisdiction to the decide claims under the Rehabilitation Act and ADA. While the Court acknowledges that the administrative venue may not have been able to address Plaintiffs' Counts II and III it would have allowed the agency to develop the record for judicial review and apply its expertise to Plaintiffs claims to the extent those claims are related to Plaintiffs' remedies for educational costs and expenses. *See J.B. ex rel. Bailey v. Avilla R-XIII Sch. Dist.*, 721 F.3d 588, 595 (8th Cir. 2013). As Plaintiffs have failed to exhaust the administrative process as to Counts II and III pursuant to § 1415(l) the Court will award Plaintiffs the remedies allowed under IDEA should they ultimately prevail in this action. However, the Court will preclude any equitable remedy that may be awarded under IDEA as it pertains to Counts II and III pursuant to § 1415(l) and outlined by the Supreme Court in *Laua Perez v. Sturgis Pub. Sch.*

## CONCLUSION

For the reasons set forth, Defendant's Motion to Dismiss Counts II and III of Plaintiffs' Amended Complaint is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 7, 2025

                                   */s/ Douglas Harpool*
                                   **DOUGLAS HARPOOL**
                                   **UNITED STATES DISTRICT JUDGE**